**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lenk, | No. CV-23-02083-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Monolithic Power Systems Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Kenneth Lenk's motion for reconsideration of the Court's previous Order, (Doc. 55), granting Defendant Monolithic Power Systems Inc.'s ("Monolithic") motion to dismiss the First Amended Complaint ("FAC"). (Doc. 63.) For the following reasons, Lenk's motion is **denied**.

## I.    BACKGROUND

As the Court stated in its previous Order, the parties are familiar with the factual background in this case, (*see* Doc. 55 at 1), so only the context relevant to this motion is included.

On September 19, 2024, the Court granted in part and denied in part Monolithic's first motion to dismiss Lenk's Complaint. (*See generally* Doc. 25.) In its Order, the Court granted Lenk leave to amend and instructed him that the FAC (1) could not "allege any facts or claims predicated thereon already rejected in *Lenk I–IV*" and (2) "must comply with Rule 8(a)." (*Id.* at 12.) The Court noted that the Complaint was "90 pages (plus 359 pages of attachments)," which was "excessive for a complaint in a case as straightforward

1  as this." (*Id.*)

2  Lenk filed the FAC, (Doc. 26), which Monolithic again moved to dismiss, (Doc.
3  31).

4  On August 6, 2025, the Court granted the motion in part and denied it in part. (Doc.
5  55.)  The Court dismissed without leave to amend Lenk's race discrimination theories
6  under the Arizona Civil Rights Act, the Washington Law Against Discrimination, and 42
7  U.S.C. § 1981 for failure to plead sufficient facts that Monolithic declined to hire him due
8  to his race and for failure to plead a specific business practice causing a disparate impact,
9  (*id.* at 8–12, 24–25); his claims under the California Fair Employment and Housing Act
10 ("FEHA") for lack of exhaustion, (*id.* at 16–17); his retaliation claims premised on the
11 filing of his EEOC complaint because the EEOC complaint was filed after the alleged
12 retaliatory conduct, (*id.* at 20); and his Sarbanes-Oxley Act ("SOX") claim premised on
13 events that took place during Lenk's employment because it was either precluded or time-
14 barred, (*id.* at 22).  (*See id.* at 35–36.)

15 On August 21, 2025, Lenk filed a motion for reconsideration and a Second
16 Amended Complaint ("SAC").  (Docs. 58, 60.)

17 On August 25, 2025, Lenk filed a notice indicating that he was not receiving the
18 Court's orders in the mail and thus only had two days to respond to the Court's Order. (*See*
19 Doc. 61.)

20 On August 27, 2025, the Court issued an Order allowing Lenk to file corrected
21 versions of his motion for reconsideration and SAC.  (Doc. 62.)

22 On September 10, 2025, Lenk filed both a corrected motion for reconsideration and
23 a SAC.  (Docs. 63, 65.)

24 Pursuant to LRCiv 7.2(g)(2), Monolithic was not permitted to file a response to the
25 motion for reconsideration unless ordered by the Court.  Because no further briefing is
26 necessary, the Court did not order Monolithic to respond.

27 **II.    LEGAL STANDARD**

28 "Although the Court has discretion to reconsider a prior order, reconsideration is

disfavored and appropriate only in rare circumstances." *Bullock v. Ariz. Bd. of Regents*, 2025 WL 1115462, at *1 (D. Ariz. 2025) (citation modified).  Indeed, reconsideration is "an extraordinary remedy that is available only in highly unusual circumstances." *Coppinger v. Don Sanderson Ford Inc.*, 2025 WL 1101661, at *2 (D. Ariz. 2025) (quotation marks omitted).  Under the Local Rules, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  Manifest error means the "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (citation omitted).

A motion for reconsideration itself must "point out with specificity" (1) "the matters that the movant believes were overlooked or misapprehended by the Court," (2) "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier," and (3) "any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1); *see also Coppinger*, 2025 WL 1101661, at *2 ("New arguments not based on new facts or legal authority do not merit reconsideration.").  Importantly, a motion for reconsideration cannot "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."  LRCiv 7.2(g)(1); *see also Bullock*, 2025 WL 1115462, at *1 ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)); *Lane v. City of Tucson*, 2025 WL 691702, at *2 (D. Ariz. 2025) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation omitted)).  If the movant does not comply with these requirements, this alone "may be grounds for denial of the motion." LRCiv 7.2(g)(1).

### III.    DISCUSSION

Lenk primarily argues that the Court's September 2024 order prohibiting him from alleging facts or claims in his FAC that were already rejected in his four previous lawsuits against Monolithic "restricted [his] ability to state relevant facts, which are pertinent for justice in this action." (Doc. 63 at 2; *see also id.* at 13.)  In his reconsideration motion, he presents new facts and recapitulates various facts set forth in his FAC that he claims show that his claims should not have been dismissed.  (*See id.* at 2–7, 12–14.)  He also presents statistical evidence pertaining to other companies which he claims "exposes [Monolithic's] discrimination," speculating that these other companies "would have similar applicant pools." (*Id.* at 9–11.)  Finally, Lenk requests that the Court stay enforcement of the portion of its Order dismissing his FEHA claims because he filed a public records request with the "California Civil Rights Department to ascertain the status of his EEOC action." (*Id.* at 12.)  None of these grounds warrant reconsideration.

#### A.    Omitted Facts

First, Lenk's argument that he was prohibited from including certain facts to survive dismissal is unpersuasive.  As he admits, these facts and this argument were available to Lenk to raise in his response to Monolithic's motion to dismiss, (*see id.* at 2, 13), but he offers no explanation for why he did not raise them in his briefing.  *See* LRCiv 7.2(g)(1); *see also Bullock*, 2025 WL 1115462, at *1.

Lenk's explanation for why he did not include certain facts in his FAC is also without merit.  If the dismissed claims would have been premised on facts that have already been rejected in his previous cases—as Lenk seems to suggest by arguing that the September 2024 Order precluded him from including those facts in the FAC—he does not explain why those claims would not have been barred by issue or claim preclusion and similarly subject to dismissal without leave to amend if the facts had been alleged.  In other words, Lenk's decision to not include such allegations in the FAC indicates he believed they were rejected in his previous lawsuits and therefore precluded.  Lenk has not explained why his claims would have survived dismissal based on claim or issue preclusion if he had

included the allegations he now offers.  By not including such allegations in his FAC, Lenk thus concedes that including the allegations would have subjected his claims to dismissal, which does not support reconsideration.  Lenk might take issue with the Court's warning in its September 2024 order, but the time to contest that decision passed long ago.  *See* LRCiv 7.2(g)(2).

Additionally, contrary to Lenk's suggestion, the Court did not prohibit him from including facts that provided context for his non-precluded claims.  Lenk appears to have understood this because he included contextual allegations to support his non-precluded claims in the FAC.  (*See, e.g.*, Doc. 26 ¶ 7 ("Lenk was a valuable person for automotive semiconductor employment, which [Monolithic] hired as Director of Automotive and Industrial Marketing.  During that time, Lenk produced excellent financial results as stated by CFO Rao . . . and by CEO Hsing . . . ."); *id.* ¶ 8 ("On Feb 19, 2021, Plaintiff applied for the [Monolithic] Product Marketing Manager Position #1450, a similar role [Monolithic] originally hired him for . . . ."); *id.* ¶ 18 ("Lenk is well qualified for these roles, due to his [Monolithic] work (producing financial success) . . . ."); *id.* ¶ 25 (alleging Monolithic "knew Lenk's age from employment"); *id.* ¶ 51 ("Given Plaintiff's excellent financial results at [Monolithic], it's unreasonable to expect that Microchip would not want an employee to produce similar results (suggesting that [Monolithic] provided inaccurate negative information)."); *id.* ¶ 63 ("Despite Lenk's qualifications, his prior excellent financial performance at [Monolithic] . . . they failed to hire Lenk for numerous positions he was well qualified for due to his age.").)

At bottom, Lenk made a strategic decision to omit certain allegations from the FAC.  He cannot now complain that his claims would have survived dismissal if he decided differently.  *See Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, 2011 WL 2748334, at *3 (N.D. Cal. 2011) ("The rule governing reconsideration was not meant to relieve any litigant of the consequences of a strategic or tactical decision that later proves improvident.").  This is not the "rare circumstance[]" that would justify the "extraordinary remedy" of reconsideration.  *Bullock*, 2025 WL 1115462, at *1; *Coppinger*, 2025 WL 1101661, at *2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    **B.    Merits of Lenk's Claims**

      Turning to Lenk's argument that he sufficiently pled his race discrimination theories even in the absence of the facts he chose to omit, (*see* Doc. 63 at 5–7), reconsideration is not proper.  As mentioned, motions for reconsideration are not "used to ask the Court to rethink what it has already thought." *Bullock*, 2025 WL 1115462, at *1 (citation omitted)).  The facts pled in the FAC have already been considered, found wanting, and will not be addressed again.

      The new statistics Lenk provided in his motion likewise do not warrant reconsideration.  (*See* Doc. 63 at 7–9.)  As stated in the Order resolving Monolithic's motion to dismiss the FAC, statistics suggesting a racial disparity in Monolithic's workforce do not alone establish that Monolithic disproportionately hires employees in certain racial groups compared to its pool of applicants, nor do they establish a particular business practice that allegedly caused the disparity.  (*See* Doc. 55 at 11–12.)  The same is true of Lenk's argument that statistics from other companies prove Monolithic's discriminatory practices.  (Doc. 63 at 9–11.)  This argument was presumably available to Lenk before now and should not have been raised for the first time in his motion for reconsideration, at least not without an explanation for why it was not raised earlier.  *See* LRCiv 7.2(g)(1).  Regardless, Lenk's inference that Monolithic employs discriminatory hiring practices merely because its workforce has a different racial breakdown than other companies is speculative.  (*See, e.g.*, Doc. 55 at 9 n.6.)

      Further, although Lenk argues he "can not plead facts under [Monolithic's] control, until discovery occurs," (Doc. 63 at 8), such assertions do not allow a plaintiff to avoid dismissal of insufficient claims.  *See Jones v. Desert Reg'l Ctr.*, 2018 WL 1538911, at *4 (D. Nev. 2018) ("[T]he plaintiffs cannot survive a motion to dismiss by promising that they will be able to state a claim after discovery closes."); *Thomas v. S.F. Hous. Auth.*, 2018 WL 1184762, at *6 n.9 (N.D. Cal. 2018) ("A plaintiff cannot survive a motion to dismiss by claiming that evidence will be made available in the future.").

      Finally, Lenk's request to stay dismissal of his FEHA claims so he can complete a

public records request process with the California Civil Rights Department is denied. As stated in the August 2025 Order, Lenk conceded he had not filed a charge with the California Department of Fair Employment and Housing. (*See* Doc. 55 at 16–17.) Lenk does not dispute this portion of the Order. (*See* Doc. 63 at 11–12.) Lenk argues that his EEOC complaint is sufficient to exhaust his FEHA claims, but this argument has already been considered and rejected. (Doc. 55 at 17.)

Accordingly,

**IT IS ORDERED** that Lenk's motion for reconsideration (Doc. 63) is **denied**.

Dated this 28th day of October, 2025.

Honorable Sharad H. Desai
United States District Judge